Charles LANGONE, Appellant,

v.

Jaishiri SINGH, Appellee.

No. CIV. A. 00–40110–NMG.

United States District Court,
D. Massachusetts.

March 30, 2001.

Catherine M. Campbell, Feinberg, Charnas & Schwartz, Boston, MA, for appellant.

Jaishri Singh, Andover, MA, pro se.

## MEMORANDUM & ORDER

GORTON, District Judge.

The appellant, Charles Langone ("Langone"), appeals the April 24, 2000 Order of the Bankruptcy Court dismissing, without prejudice, his complaint against the appellee, Jaishiri Singh ("Singh").

### I. Summary

Langone is the fund manager for the New England Teamsters and Trucking Industry Pension Fund ("the Fund"), an ERISA multi-employer defined benefit pension plan. Singh is the president and sole shareholder of Sharp Air Freight Services, Inc. ("Sharp Air").

Under a contract with a local Teamsters' Union, Sharp Air was obligated to pay contributions to the Fund. It became seriously delinquent in its payments to the Fund and, in October, 1998, the Massachusetts Superior Court, Norfolk County, appointed Attorney Richard Bickelman as the receiver of Sharp Air and it was duly put into state receivership.

On December 17, 1998, Singh, doing business as Singh Realty Trust and Surajapati Realty Trust, and his wife, Juanita Singh, filed a petition for bankruptcy under Chapter 11. The matter was converted to a Chapter 7 proceeding on February 2, 1999. Although Sharp Air apparently twice filed bankruptcy petitions at about the same time, both petitions were dismissed on the grounds that the petitions misrepresented Sharp Air's financial condition.

In May, 1999, Langone, on behalf of the Fund, filed a complaint in Singh's bankruptcy proceeding to "determine the dischargeability of debt". The complaint alleges that at the time Singh filed for bankruptcy, Sharp Air owed the Fund approximately $160,000 in delinquent contributions, late charges and the balance of a November, 1996 judgment against it. The

complaint also asserts that (1) Singh fraudulently withdrew $69,000 from Sharp Air in November, 1998 and (2) the Fund, as a creditor of Sharp Air, is entitled to those funds. Notwithstanding the title of the pleading filed, the complaint requests that the Bankruptcy Court enter judgment awarding the Fund the amount owed to it by Sharp Air along with interest, costs and attorneys' fees.

Singh failed to answer the complaint and notice of default was filed in November, 1999. Langone filed a motion for entry of a default judgment in his adversary proceeding on February 7, 2000. At that stage, Singh, acting *pro se*, filed an opposition to the motion for entry of a default judgment.

At a non-evidentiary hearing on that motion, Bankruptcy Judge James F. Queenan, Jr., instead of ruling on the motion for entry of default judgment, dismissed Langone's complaint on the merits without prejudice. The Bankruptcy Judge ruled from the bench that he perceived the claim to be for recovery of a fraudulent transfer of assets which belonged not to any particular creditor but rather to the Trustee in Bankruptcy for the benefit of all creditors. *See* April 24, 2000 Transcript of Hearing, pp. 4, 11, 23–25.

Currently pending before this Court is Langone's appeal of the Bankruptcy Court Order dismissing the complaint (Docket No. 4). Langone contends that the Bankruptcy Court was in error and his complaint should be reinstated.

## II. Discussion

The district court reviews a bankruptcy court's rulings of law *de novo*. *In re LaRoche*, 969 F.2d 1299, 1301 (1st Cir. 1992).

The Bankruptcy Court Order under appeal entered April 24, 2000, is recorded in the form of a transcript. The oral argument of Langone's counsel is confusing to say the least and apparently the Bankruptcy Court misunderstood the true nature of Langone's claim. He does not appear to be asserting a pre-petition fraudulent transfer of the debtor's assets but rather a fraudulent transfer of the assets of a third party, Sharp Air (to which Langone claims some unstated right) *into* what would become the bankruptcy estate. Contrary to the apparent understanding of the Bankruptcy Court, the Bankruptcy Trustee has no claim for fraudulent transfer but is the intended defendant of a creditor of a creditor of the estate.

Notwithstanding the confusion regarding the true nature of Langone's claim (a condition which is in no way alleviated by the appellate briefs) this Court concludes that the complaint was, nonetheless, appropriately dismissed. That is because Langone has failed to allege that he has standing (or might have standing) to assert a claim in the *Singh* bankruptcy for a debt owed to the Fund by *Sharp Air*. While Sharp Air may well have a claim against Singh's bankruptcy estate and/or standing to seek the nondischargeability of Singh's debt to it, there is no indication whatsoever that Langone has such standing.

## ORDER

For the foregoing reasons, the order of the Bankruptcy Court dismissing the appellant's complaint without prejudice is **AFFIRMED**. This bankruptcy appeal is **DISMISSED**.

**So ordered.**